IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ROBERTO RODRIGUEZ ROSARIO,

    Plaintiff,

    v.

CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

CIVIL NO. 14-1737 (CVR)

**OPINION AND ORDER**

**INTRODUCTION**

In the present case, Defendant Carolyn W. Colvin, the Acting Commissioner of Social Security ("Commissioner" or "Defendant") denied Plaintiff Roberto Rodríguez Rosario's ("Plaintiff") application for disability benefits. In response thereto, on September 30, 2014, Plaintiff filed this action to obtain judicial review. (Docket No. 1).[1] After some procedural hurdles, which included the appointment of counsel and the filing of an Amended Complaint, on March 28, 2016 the Commissioner answered the Complaint. (Docket No. 20). On that same day, the presiding District Judge referred this case to the undersigned for all further proceedings, including the entry of judgment. (Docket No. 22).[2] On July 18, 2016, Plaintiff filed his memorandum of law (Docket No.

---

[1] 42 U.S.C. Sec. 405(g), provides for judicial review of the final decision of the Commissioner. "… [t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment without remanding the cause for rehearing". Section 205(g).

[2] The government has already provided a general consent to proceed before a Magistrate Judge in all Social Security cases. Title 28 U.S.C. Section 636(b)(1)(A), (c)(1) and (c)(2); Fed.R.Civil P. 73(a).

Roberto Rodríguez Rosario v. Acting Commissioner of S.S.
Opinion and Order
Civil No. 14-1737 (CVR)
Page No. 2

32) and on August 21, 2016, the Commissioner filed her memorandum of law. (Docket No. 33).

After careful review of the entire record, the Court hereby AFFIRMS the Commissioner's holding denying disability benefits.

## ADMINISTRATIVE AND PROCEDURAL HISTORY

This case presents a convoluted and lengthy procedural history. Besides the present application, Plaintiff had previously filed several applications for benefits in the past beginning in 2004, and later again in 2008 and 2011. The 2004 and 2008 applications did not prosper because the Commissioner found that Plaintiff did not have enough credits to qualify for benefits. The problem with those previous determinations was that Plaintiff did, in fact, have the credits, yet for some reason they were missing from his transcript. Several years passed while the credit situation was straightened out, which finally enabled Plaintiff to apply for benefits again in 2011. In 2012, benefits were granted to Plaintiff, but unfortunately, the coverage date fell outside his last insured date. Therefore, that determination was later invalidated by the agency.

With this factual background, Plaintiff then filed the present application for disability benefits on September 30, 2014, with an alleged onset disability date of January 1, 2004. The application was initially denied, as was the reconsideration. (Tr. pp. 95-101). Plaintiff then requested an administrative hearing which was held on May 2, 2014, where Plaintiff was present with counsel and testified regarding his alleged disabilities. (Tr. pp. 43-59). On June 20, 2014, the presiding Administrative Law Judge ("ALJ") issued an opinion finding Plaintiff was not disabled from the onset date through his last

insured date of June 30, 2011. (Tr. pp. 32-38). As part of his fact-finding responsibilities, the ALJ found as follows:

1. Plaintiff last met the insured status requirements of the Social Security Act on December 31, 2006.

2. Plaintiff did not engage in any substantial activity from his alleged onset date of January 1, 2004 through his late insured date of December 31, 2006.

3. Through the last date insured, Plaintiff had the following medically determinable impairments: Fuch's dystrophy in cornea, herniated discs, high blood pressure and a major depression.

4. Through his last date insured, Plaintiff did not have an impairment or combination of impairments that significantly limited his ability to perform basic work-related activities for 12 consecutive months. Therefore, Plaintiff did not have a severe impairment or combination of impairments.

5. Plaintiff was not under a disability at any time from January 1, 2006 the alleged onset date through December 31, 2006, the dater last insured.

The Appeals Council subsequently denied Plaintiff's request for review, thus making the ALJ's decision the final decision of the Commissioner which subject to review by this Court. (Tr. pp. 1-3).

Plaintiff objects the ALJ's final decision denying him disability benefits, alleging the ALJ's decision was not based on substantial evidence because he should have proceeded with his analysis further. Specifically, Plaintiff posits that the medical evidence established that that his impediments were "severe", instead of "not severe" as

found by the ALJ at the second step in this case, and therefore, this warranted further evaluation of his ability to do other work, considering his age, education and work experience. Plaintiff avers that the ALJ should not have stopped the evaluation process at step 2.

The Commissioner, on the other hand, asserts there is substantial evidence to support the ALJ's conclusion that Plaintiff did not have a severe medical impairment or a combination of impairments that would render him disabled at step 2.

## STANDARD

To establish entitlement to disability benefits, the burden is on the claimant to prove disability within the meaning of the Social Security Act. See Bowen v. Yuckert, 482 U.S. 137, 146-47, n. 5 (1987). It is well settled law that a claimant is disabled under the Act if he/she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(a). A claimant is unable to engage in any substantial gainful activity when the claimant is not only unable to do his/her previous work but, considering age, education, and work experience, cannot engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he/she lives, or whether a specific job vacancy exists, or whether he/she would be hired if he/she applied for work. 42 U.S.C. § 423(d)(2)(a).

In making a determination as to whether a claimant is disabled, all of the evidence in the record must be considered.  20 C.F.R. § 404.1520(a). A five-step sequential evaluation process must be applied in making a final determination as to whether or not a claimant is disabled. 20 C.F.R.  §§ 404.1520; see Bowen, 482 U.S. at 140-42; Goodermote v. Sec'y of Health & Human Servs., 690 F.2d 5, 6-7 (1st Cir. 1982).   At step one, the ALJ determines whether the claimant is engaged in "substantial gainful activity." If he/she is, disability benefits are denied. §§ 404.1520(b).  If not, the decision-maker proceeds to step two, where he or she must determine whether the claimant has a medically severe impairment or combination of impairments.  See §§ 404.1520(c).  If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment or combination of impairments is severe, the evaluation proceeds to the third step, in order to determine whether the impairment or combination of impairments is equivalent to one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. §§ 404.1520(d); 20 C.F.R. pt. 404, subpt. P, App. 1.   If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.   If the impairment is not one that is conclusively presumed to be disabling, the evaluation proceeds to the fourth step through which the ALJ determines whether the impairment prevents the claimant from performing the work he/she has performed in the past.   If the claimant is able to perform his/her previous work, he/she is not disabled. §§ 404.1520(e).

Once the ALJ determines that the claimant cannot perform his or her former kind of work, then the fifth and final step of the process demands a determination of whether claimant is able to perform other work in the national economy in view of the residual functional capacity, as well as age, education, and work experience.  The claimant would be entitled to disability benefits only if he/she is not able to perform any other work whatsoever. §§ 404.1520(f).

In the case at bar, the ALJ stopped his analysis at step 2, when he found that Plaintiff did not have a severe impairment, or a combination of severe impairments and was therefore not disabled.

## LEGAL ANALYSIS

The Court's review in this type of case is limited to determine whether the ALJ deployed the proper legal standards and found facts upon the proper quantum of evidence.  See Manso-Pizarro v. Sec'y of Health and Human Servs, 76 F.3d 15, 16 (1st Cir. 1996). The ALJ's findings of fact are conclusive when supported by substantial evidence, 42 U.S.C. § 405(g), but are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts.  Nguyen v. Chater,  172 F.3d 31 (1st Cir. 1999).  Substantial evidence is "more than a mere scintilla and such, as a reasonable mind might accept as adequate to support a conclusion".  Richardson v. Perales, 402 U.S. 389 (1971), *quoting* Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197 (1938).  The court will set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on a legal error.  See Seavey v. Barnhart, 276 F.3d 1, 9 (1st Cir. 2001); Rodríguez v. Sec'y of Health and Human Servs, 647 F.2d 218, 222 (1st Cir. 1981).

Regarding Plaintiff's mental impairments, the record is clear Plaintiff did not begin treatment until 2013 with Dr. Madeline Santos. Considering his last insured date was 2006, he failed to establish a mental disability with the coverage period. Therefore, the ALJ correctly found that Plaintiff did not have a mental impairment that limited his capacity to work during the relevant period. This conclusion was supported by both state agency consultants, Dr. Adalisse Borges and Dr. Luis Rodríguez. (Tr. pp. 466, 506).

Plaintiff's main contention that he is disabled is based on the fact that he suffers from Fuchs dystrophy, an eye disorder that causes swelling in the cornea that can lead to glare, and cloudy vision, and over the years, can cause worsening of a person's vision. Plaintiff bases this conclusion on an examination performed by Dr. Charles Grant in 2004 via a method called pinhole testing, which yielded results that would render Plaintiff disabled pursuant to Social Security guidelines. Those guidelines however, establish that pinhole testing is not recognized by the Commissioner because there are other tests with greater precision for determining a claimant's visual acuity. See 20 CFR Part 404, Subpart P, Appendix 1, Listing 2.00(A)(5)(iii). Instead, that same year Dr. Vymaris Domínguez performed a more precise test that showed remarkably different results that Dr. Grant's examination, and those results rendered Plaintiff not disabled pursuant to the applicable guidelines.

While there was further testing done in 2012 by ophthalmologist Juan Nevárez which showed Plaintiff's Fuchs dystrophy condition had substantially worsened, the passing of 6 years from the last insured date to the date the test was performed renders these results useless for purposes of determining Plaintiff's disability in 2006. See

Roberto Rodríguez Rosario v. Acting Commissioner of S.S.
Opinion and Order
Civil No. 14-1737 (CVR)
Page No. 8

---

Cooper v. Comm'r of Soc. Sec., 277 F.Supp.2d 748, 754 (E.D.Mich. 2003) ("Medical evidence that postdates the insured status date may be, and ought to be, considered, but only insofar as it bears on the claimant's condition prior to the expiration of insured status," yet in order for the evidence to be useful, it ought to be " 'reasonably proximate' " to the date last insured). (*quoting* Begley v. Mathews, 544 F.2d 1345, 1354 (6th Cir. 1976)).

As to the physical ailments, an evaluation by Dr. Grant in October, 2004 found no complications due to hypertension for the relevant period. (Tr. pp. 170-174). Dr. Grant further found some decreased range of motion in general, but Plaintiff's grip strength and fine manipulation were normal, no motor deficits were found in the upper or lower extremities, there was no inflammation, and Plaintiff showed normal motor, reflex and sensory reflexes. (Tr. p. 36). These findings were buttressed by the agency physicians, and ultimately, they all support the ALJ's ultimate conclusion that Plaintiff's physical ailments were non-severe. (Tr. pp. 36-38). The ALJ therefore correctly determined at step 2 that Plaintiff did not have an impairment or combination of impairments that significantly limited his ability to perform basic work related activities, and substantial evidence supports that conclusion.

On a final note, the Court adds that this case presents an unusual quandary. As previously stated, Plaintiff's initial petition for benefits dates to 2004, as does his alleged disability onset date, yet this petition was unable to be considered at that time because of the missing credits. The problem took some time to be straightened out and, because of the inordinate amount of time that took, in examining the record now, it became apparent to the Court that Plaintiff was born on August 3, 1954, and is in fact 62 years old at this

time. (Tr. pp. 76, 84-94, 201-209). Therefore, Plaintiff is fully capable of petitioning for Social Security benefits at this time because of age. See 42 U.S.C. 402(a) and Genova v. Sec'y of Health & Human Servs., 625 F. Supp. 1563, 1564 (D.P.R. 1986) ("In order to qualify for retirement insurance benefits, an individual must have attained at least age 62").[3]

## CONCLUSION

In view of the analysis above, the Court hereby AFFIRMS the Commissioner's denial of disability benefits, and DISMISSES WITH PREJUDICE this case.

Judgment is to be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, on this 28th day of September, 2016.

        S/CAMILLE L. VELEZ-RIVE
        CAMILLE L. VELEZ RIVE
        UNITED STATES MAGISTRATE JUDGE

---

[3] On September 15, 2016, the Court ordered Plaintiff to inform the Court why this case should not be dismissed without prejudice as moot, due to the fact that Plaintiff is now entitled to request Social Security benefits because of his age. (Docket No. 34). Plaintiff failed to comply with the Court's Order. Nevertheless, the record is clear that Plaintiff has now reached the minimum required age of 62 in order to be able to petition for collection of Social Security benefits because of age. The Court encourages him to do so.